IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMAN HARVEY, | Civil No. 3:18-cv-1813 |
| Plaintiff | (Judge Mariani) |
| v. | |
| LAUREL HARRY, et al., | |
| Defendants | |

## MEMORANDUM

I. **Background**

Plaintiff, Norman Harvey, an inmate confined in the State Correctional Institution, Dallas ("SCI-Dallas"), Pennsylvania, originally initiated this action pursuant to 42 U.S.C. § 1983, in the Court of Common Pleas of Cumberland County, Pennsylvania. (Doc. 1). By Notice of Removal dated September 13, 2018, the case was removed to the United States District Court for the Middle District of Pennsylvania. *Id.* The Plaintiff names eight SCI-Dallas employees, and the Department of Corrections, as Defendants. *Id.* Plaintiff seeks compensatory and punitive damages for alleged Eighth Amendment claims regarding his health, and his conditions of confinement, as well as a Fourteenth Amendment claim regarding monies impermissibly removed from his inmate account. *Id.*

Presently pending before the Court is a motion for summary judgment, filed by the Department of Corrections. (Doc. 5). Defendant moves for summary judgment, as a

1

matter of law, on the basis that the Department of Corrections is not a "person" for section 1983 purposes; and the Department is entitled to sovereign immunity for any state law claim. (Doc. 6). The motion is fully briefed and is ripe for disposition. For the reasons set forth below, the Court will grant Defendant's motion.

II. **Summary Judgment Standard of Review**

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact." FED. R. CIV. P. 56(a). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Therefore, the non-moving party may not oppose summary judgment simply on the basis of the pleadings, or on conclusory statements that a factual issue exists. *Anderson*, 477 U.S. at 248. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce

admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(A)-(B). In evaluating whether summary judgment should be granted, "[t]he court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992), *cert. denied* 507 U.S. 912 (1993).

However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007). If a party has carried its burden under the summary judgment rule,

> its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Id.* (internal quotations, citations, and alterations omitted).

III. **Discussion**

3

Section 1983 provides that persons acting under color of state law may be found liable if they deprive an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. See 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

It is well-settled that neither a state nor its agencies are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to a § 1983 suit. Hafer v. Melo, 502 U.S. 21, 25-27 (1991). Consequently, Harvey's claims against the Pennsylvania Department of Corrections are barred, as it is not a person within the meaning of 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that a state may not be sued in federal court pursuant to § 1983 and is not a "person" for purposes of that provision). Moreover, this Defendant is entitled to Eleventh Amendment immunity. Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000) (finding that the Pennsylvania Department of Corrections "shares in the Commonwealth's Eleventh Amendment immunity").

Finally, the Department of Corrections contends that to the extent that Plaintiff's references to negligence in his complaint is an attempt to assert a state law intentional tort

claim, said claim is barred by the doctrine of sovereign immunity.[1] With respect to any pendent state law claims, federal courts have jurisdiction over state claims which are related to the federal claims and result from a common nucleus of operative facts. See *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); see also *Aldinger v. Howard*, 427 U.S. 1, 9 (1976).

Title 42 Pa.C.S.A. § 8522(b) sets forth a list of instances for which the Commonwealth of Pennsylvania has waived sovereign immunity, none of which apply here.[2] As such, Defendant is entitled to summary judgment as a matter of law on any alleged state law tort claim.

## IV. Conclusion

Based on the foregoing discussion, Defendant's motion for summary judgment will be granted. A separate Order shall issue.

Dated: February 11, 2020

Robert D. Mariani
United States District Judge

---

[1] State sovereign immunity is not waived when removing an action to federal court. *Lombardo v. Pennsylvania, Dept. of Public Welfare*, 540 F.3d 190, 198 (3d Cir. 2008) ("the removing State retains all defenses it would have enjoyed had the matter been litigated in state court, including immunity from liability").

[2] The nine exceptions are: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. 42 Pa. C.S.A. § 8522.